## MARX et al. v. SHIYA.

District Court, S. D. New York.
April 3, 1943.

Harold S. Okin, of New York City, for plaintiffs.

David Haar, of New York City, for defendant.

HULBERT, District Judge.

The motion is to remand. The action was commenced in the Supreme Court of the State of New York, County of New York and removed here on application of the defendant who, thereupon promptly filed his answer.

The complaint alleges that the plaintiffs are residents of the City, County and State of New York, and the defendant is a non-resident of the State of New York, and the amount involved exceeds $3,000, exclusive of interest and taxable costs and disbursements.

The ground upon which the plaintiffs seek to remand is "that the action is in rem" and therefore not removable.

For some years John Marx and the defendant were associated in the practice of law. In 1930, Hudson Food Corporation made an assignment for the benefit of creditors and the defendant was appointed as assignee and qualified by filing an undertaking supplied by the Columbia Casualty Company. Marx, for a time, acted as attorney for the assignee.

Three causes of action are alleged in the complaint. Upon each *a personal* judgment against the defendant is prayed for in the total sum of $3,750.

The defendant has interposed three counterclaims in the aggregate amount of $1,898 and also pleads the statute of limitations as a partial separate defense.

One of these counterclaims is involved in an action brought by the defendant herein as plaintiff, against John Marx in the Municipal Court of the City of New York, which action has been consolidated with another, pending in the New York Supreme Court, New York County, by John Marx against the defendant herein, for an accounting in which the defendant has also pleaded the three counterclaims set up in this action.

■ The multiplicity of actions would not warrant a remand of this case if the court has jurisdiction of the subject matter and it is properly here.

The plaintiff cites, inter alia, and places great reliance on Conners v. Federal Deposit Insurance Corp., D.C., 39 F.Supp. 812, 815. But it seems to me that case is more favorable to the defendant. In that case the court said: "The character of the cases dealing with removability is always open to examination to determine whether, ratione materia, the courts of the United States are competent to take jurisdiction, or if the relief sought by the removal is merely incidental; but where the federal courts are properly appealed to in cases where they are invested with jurisdiction, they are duty-bound to exercise this jurisdiction and are without power to remand: (citing cases)."

That particular point however, in the decision of Judge Kalodner, upon which the plaintiff relies, is found in this language: "It is well settled that controversies arising in an in rem proceeding in a State court are not removable where the removal would interfere with the court's exclusive jurisdiction of the res; * * *: Byers v. McAuley, 149 U.S. 608, 13 S. Ct. 906, 37 L.Ed. 867."

■ Assuming, the assignment proceeding inaugurated by the Hudson Food Corporation in the New York Supreme Court wherein defendant was appointed assignee, is a proceeding in rem, and it may be, as the plaintiff contends, that it would be necessary for him ultimately to take some action in that proceeding or incidental to it, to recover from the Surety some amount that may be found due him from the defendant, the action at bar is a suit quite as independent of that assignment proceeding as that part of the proceeding in the Conners case, removed from the Court of Common Pleas of Northampton County, Pennsylvania, and which the District Court declined to remand.

The motion must be denied.

It was suggested by the attorney for the plaintiff and assented to by the attorney for the defendant, that disposition of motions with respect to an examination before trial, returnable April 9th, and the date of which was advanced to April 6th, be deferred until the determination of this motion. The motion papers on the application to limit the taking of such deposition, are not before me. Settle order.